IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JANICE CLAUDEN,
    Plaintiff,

v.                 Civil Case No. 3:19-cv-601

SOUTHSIDE COMMUNITY
SERVICES BOARD, et al.,
    Defendants.

## OPINION

Janice Clauden, an African American certified nursing assistant ("CNA"), worked for the Southside Community Services Board ("SCSB") from 2004 to 2018. Clauden alleges that Paul Mandel, the Director of Community Services, fired her because of her race. She has sued the SCSB, Mandel, and seven other SCSB employees[1] under Title VII of the Civil Rights Act of 1964 and for deprivation of her liberty interest in violation of the Fourteenth Amendment.[2] She also asserts claims for defamation and negligent infliction of emotional distress.

The defendants have moved to dismiss Clauden's claims as time-barred and for failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[3] Because

---

[1] Specifically, she names as defendants Frances Clark, a member of the Board of Directors; Elizabeth Engelhorn, Executive Director; Lyasundra Jones, Residential Manager; Dee Holland-Brock, Human Rights Advocate; Allyson Collins, Direct Support Professional; Stacy Palmer, ID Day Support Supervisor; and Sharon Gavitt, Human Resource Manager.

[2] Clauden also cites the Americans with Disabilities Act ("ADA"), the Genetic Information Non-Discrimination Act ("GINA"), and the Age Discrimination in Employment Act ("ADEA"). Aside from alleging that her medical issues have worsened since her termination, Clauden alleges no facts to support those claims. Thus, to the extent that Clauden alleges violations of the ADA, GINA, and ADEA, the Court will dismiss those claims with prejudice.

[3] The defendants have also moved to dismiss the SCSB as a defendant for lack of personal jurisdiction under Rule 12(b)(2). *See, e.g., Henderson v. Fairfax-Falls Church Cmty. Serv. Bd.*, No. 1:18-cv-825, 2018 WL 6037522, at *2 (E.D. Va. Nov. 15, 2018). Because the Court will

Clauden did not timely file this lawsuit as to her Title VII claims and has otherwise failed to state a claim, the Court will dismiss Clauden's federal claims. In light of the dismissal of Clauden's federal claims, the Court declines to exercise supplemental jurisdiction over Clauden's state law claims.[4]

## I. FACTS ALLEGED IN THE AMENDED COMPLAINT

Clauden, a fifty-year-old African American woman, worked for the SCSB as a CNA for fourteen years. On February 14, 2017, Mandel issued a written notice to Clauden for failing to take the vitals of a patient or provide first aid, as agency policy and procedure required. Lysaundra Jones, a residential manager, reported this incident to Mandel. Clauden contends that Mandel knew that she "was not involved in the incident" and that a co-worker told her that Mandel "was going to falsely accuse" Clauden. (Am. Compl., at 6.) Mandel suspended Clauden for one day.

According to an incident report, on February 12, 2018, Clauden pushed an SCSB patient and spoke to him in a demeaning tone. Clauden, however, says that she simply raised her hands to protect herself from the patient's aggressive behavior. On December 18, 2018, Dee Holland-Brock interviewed Clauden about the February 12, 2018 incident. Clauden told Holland-Brock that, after the patient "came . . . . towards her and pushed . . . her," she "took [her] hands out of [the patient's] hands, turned him around[,] and walked him back to the office." (Dk. No. 4-1, at 20.) Clauden also told Holland-Brock that she "naturally talk[ed] loud" to get the patient's

---

dismiss this case as to all defendants for the reasons set forth below, it will not consider whether Clauden has properly named SCSB as a defendant in this case.

[4] The defendants have moved to dismiss on behalf of all defendants except Stacy Palmer. Nevertheless, when a party proceeds *in forma pauperis*, as Clauden does here, the Court must dismiss the case if it determines that "the action . . . fails to state a claim on which relief may be granted." 28 U.S.C.§ 1915(e)(2)(B)(ii). Thus, for the reasons stated in this Opinion, the Court will also dismiss this case as to Palmer.

attention. (*Id.*) The SCSB determined that Clauden did not comply with the SCSB's training and had violated several Virginia statutes. On December 28, 2018, the SCSB fired Clauden.

Clauden contends that the SCSB Executive Director, Elizabeth Engelhorn, continued to employ "six Caucasians" after they had "witness[ed]" the SCSB violating Clauden's rights. (Am. Compl., at 6.) She further alleges that Mandel retaliated against her for writing letters to Engelhorn and Sharon Gavitt, a human resources manager. Clauden says that witnesses can verify "that she was falsely accused of both incidents." (*Id.*)

Clauden suffers from various health issues and "great psychological stress." (*Id.* at 5.) She can no longer afford her medications and has not seen a doctor after losing her health insurance and income.

Clauden filed an Equal Employment Opportunity Commission ("EEOC") charge, alleging that the SCSB fired her because of her race. She also filed a charge with the Virginia Office of Equal Employment and Dispute Resolution ("EEDR"). The EEOC sent Clauden a right to sue letter on March 28, 2019.[5] The EEDR held a hearing on Clauden's claims on June 5, 2019. Engelhorn and the hearing officer, Carl Wilson Schmidt, would not allow a female witness to sit in on the hearing. Clauden asserts that Schmidt, Engelhorn, and Gavitt "watched and joined in with the rest of the defendants to destroy [her] character and name." (*Id.* at 6.) The EEDR issued its decision on July 24, 2019. Clauden alleges that Schmidt did not explain that the EEOC and

---

[5] Although Clauden does not refer to her right to sue letter in her complaint, the defendants attached a copy to their motion to dismiss. When evaluating motions to dismiss under Rule 12(b)(6), courts typically focus only on the complaint, documents attached to the complaint, and documents explicitly incorporated into the complaint by reference. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). In appropriate cases, however, courts may also (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Id.*; *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). Accordingly, the Court will take judicial notice of Clauden's right to sue letter.

EEDR processes were different, and that he intentionally waited to issue his decision until July, 2019, because he knew that "Clauden had until June 27, 2019[,] to file a [lawsuit] in [f]ederal court." (*Id.* at 9.) Clauden filed this case on August 19, 2019.

## II.  LEGAL STANDARD

The defendants have moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). A motion under Rule 12(b)(1) tests the court's subject matter jurisdiction. The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must therefore state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Clauden does here, courts do not expect her to frame legal issues

with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts do not need to discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

### III. DISCUSSION

Applying the principles of liberal construction, Clauden's complaint asserts the following claims: wrongful termination based on race in violation of Title VII (Count One); hostile work environment in violation of Title VII (Count Two); retaliation in violation of Title VII (Count Three); discriminatory grievance proceedings in violation of Title VII (Count Four); deprivation of a liberty interest in violation of the Fourteenth Amendment (Count Five); defamation (Count Six); and negligent infliction of emotional distress (Count Seven).

#### A. Title VII Claims

##### 1. Counts One to Three: Discrimination at SCSB

The defendants argue that the Court lacks jurisdiction over Counts One to Three because Clauden did not file her lawsuit on time. Under Title VII, a plaintiff must file her lawsuit within ninety days after the EEOC notifies her of her right to sue. 42 U.S.C. § 2000e-5(f)(1). "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019). Accordingly, the Court will consider whether Clauden timely filed her complaint under Rule 12(b)(6), not Rule 12(b)(1).

The EEOC mailed Clauden's right to sue letter on March 28, 2019. The right to sue letter warned Clauden that her "lawsuit **must be filed WITHIN 90 DAYS of [her] receipt of this**

**notice**; or [her] right to sue based on this charge will be lost." (Dk. No. 9-1, at 1 (emphasis in original).) Clauden's amended complaint suggests that she received her right to sue letter the following day. (*See* Am. Compl., at 9.) Thus, Clauden was on notice that she had until June 27, 2019, to file this action.[6] Clauden, however, filed this case on August 19, 2019.

Clauden acknowledges that she did not file this lawsuit on time, (*see id.*), but she contends that she waited to file because she did not receive a decision from the EEDR until July, 2019. Clauden, therefore, appears to ask the Court to toll the charge filing requirement.

A court should only toll the limitations period in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Coleman v. Talbot Cty. Det. Ctr.*, 242 F. App'x. 72, 74 (4th Cir. 2007) (per curiam). This requires Clauden to show (1) extraordinary circumstances (2) beyond her control or external to her conduct (3) that prevented her from filing on time. *See id.* For example, a court may toll a case in which "a claimant has received inadequate notice; . . . where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; . . . where the court has led the plaintiff to believe that she had done everything required of her[,]" or "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (citations omitted).

---

[6] Even if the Court allowed Clauden three days from the date of her right to sue letter to file her lawsuit pursuant to Federal Rule of Civil Procedure 6(d), Clauden had until July 1, 2019, to file this case. *See* Fed. R. Civ. P. 6(d); *see also* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Although Clauden unfortunately misunderstood the difference between the EEDR and EEOC processes, the right to sue letter gave her adequate notice of the time period she had to file this case. Moreover, Clauden's confusion does not explain the nearly one-month delay between the EEDR's final decision and the date Clauden filed this action. Thus, Clauden has failed to show extraordinary circumstances external to her own conduct that prevented her from filing this lawsuit. Because Clauden's wrongful termination, hostile work environment, and retaliation claims are time barred, the Court will dismiss Counts One through Three with prejudice.

2. *Count Four: Discrimination During Grievance Proceedings*

In Count Four, Clauden alleges that the EEDR grievance proceedings were discriminatory. "Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." *Id.* Put another way, a complaint based on an EEOC charge must only contain allegations that "are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation." *Id.*

Here, Clauden alleges discrimination during grievance proceedings that occurred several months after she received her right to sue letter. These allegations, therefore, "are [not] reasonably related to her EEOC charge." *Id.* Because Clauden has failed to exhaust her administrative remedies as to that claim, the Court will dismiss Count Four without prejudice.

**B. Due Process Claim**

In Count Five, Clauden alleges that the defendants' statements have violated her liberty interest in her reputation. The Fourteenth Amendment's Due Process Clause protects a person's "(1) liberty to engage in any of the common occupations of life; and (2) the right to due process

where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to [her]." *Sciolino v. City of Newport News*, 480 F.3d 642, 646 (4th Cir. 2007) (citations omitted). "To state [a] liberty interest claim under the Due Process Clause, a plaintiff must allege that the charges against [her]: (1) placed a stigma on [her] reputation; (2) were made public by the employer; (3) were made in conjunction with [her] termination or demotion; and (4) were false." *Id.*

Clauden does not plead facts showing "a likelihood that prospective employers . . . or the public at large will inspect the file." *Id.* at 650. Thus, even if the charges placed a stigma on her reputation, she has not pled that the defendants made those statements public. Moreover, Clauden indicates that the Halifax County Public School System has hired her to work in its transportation department. (*See* Am. Compl., at 9); *see also Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 575 (1972) ("It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another."). Accordingly, because Clauden has failed to plead facts supporting a deprivation of a liberty interest under the Fourteenth Amendment, the Court will dismiss that claim with prejudice.

### C. State Law Claims

Clauden also asserts a defamation claim (Count Six) and a negligent infliction of emotional distress claim (Count Seven). As the Court previously explained, "[f]ederal courts can only hear either (1) cases that present a federal question [federal question jurisdiction], 28 U.S.C. § 1331, or (2) cases for over $75,000 that arise between citizens of different states [diversity jurisdiction], 28 U.S.C. § 1332." (Dk. No. 2, at 2 n.2.) "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the

exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted).

Because the Court will dismiss Clauden's federal claims and only state law claims remain, the Court lacks federal question jurisdiction. Further, because Clauden only asserts state law claims against Virginia citizens, the Court lacks diversity jurisdiction. Moreover, this case is in the early stages of litigation, so the "values of judicial economy, convenience, fairness, and comity" weigh in favor of dismissing the state law claims. *Id.* The Court, therefore, will dismiss Counts Six and Seven without prejudice.

### IV. **CONCLUSION**

Because Counts One to Three are time barred, the Court will dismiss those claims with prejudice. The Court will also dismiss Count Five with prejudice because Clauden has failed to state a claim. The Court, however, will dismiss Count Four without prejudice for failure to exhaust administrative remedies. The Court declines to exercise supplemental jurisdiction over her remaining state law claims and will dismiss Counts Six and Seven without prejudice. Finally, to the extent that Clauden raises claims under the ADA, ADEA, or GINA, the Court will dismiss those claims with prejudice. The Court declines to hold a hearing because it will not aid in the decisional process.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to the pro se plaintiff.

Date: <u>1 May 2020</u>
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge